THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LAUREN LUBY,<br><br>    Plaintiff,<br><br>v.<br><br>ALLAN LUBY, SHEILA MCRAE, ASHLEY TRYON, and UTAH DIVISION OF CHILD AND FAMILY SERVICES,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:22-cv-00727-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

    Under 28 U.S.C. §636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is pro se Plaintiff Lauren Luby's ("Ms. Luby") complaint.[2] Ms. Luby has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Ms. Luby's complaint under the authority of the IFP Statute. Upon review, Ms. Luby's complaint is entirely devoid of factual allegations and, consequently, the court cannot conclusively determine whether Ms. Luby has any plausible claims for relief. Accordingly, the court grants Ms. Luby an opportunity to file an amended complaint by January 20, 2023.

---

[1] ECF No. 7.

[2] ECF No. 5.

[3] ECF No. 4.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[4] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[5] Under that standard, the court "look[s] for plausibility in th[e] complaint."[6] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[7] In making this determination, the court accepts all factual allegations as true but does not assume that legal conclusions stated in the complaint are valid.[8]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[9] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint

---

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[6] *Id*. at 1218 (quotations and citation omitted) (second alteration in original).

[7] *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[11] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[12] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[13]

In analyzing Ms. Luby's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[14] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[15] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[16] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff

---

[10] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[11] *Id.*

[12] *Twombly*, 550 U.S. at 555.

[13] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[15] *Bellmon*, 935 F.2d at 1110.

[16] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

> requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[17]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[18]

## ANALYSIS

Under the foregoing standards, and even when the court liberally construes Ms. Luby's complaint, the court concludes that the complaint fails to satisfy the minimum pleading requirements of Rule 8(a)(2). It appears that Ms. Luby is attempting to sue Defendants under 42 U.S.C. § 1983 for allegedly violating the following federal constitutional or statutory rights: "Fourth Amendment"; "Fifth Amendment"; "Sixth Amendment"; "Fourteenth Amendment"; "The Civil Rights Act, specifically the [C]ivil [R]ights [R]estoration [A]ct] of 1987"; "The Federal Statute 18 uscs 2422 and 2251"; "ADA Regulation Title III"; "Utah 802-2a-201 and 202"; "Utah Title 80-2-1005"; "Utah Title 63G"; "URCP Rule 100 and 42"; "Utah 62A-4a-116.3" and "Utah 76-8-506." However, Ms. Luby has not provided the court with any facts underlying her claims. Ms. Luby references an "Exhibit 1" in her complaint,[19] but this exhibit

---

[17] *Bellmon,* 935 F.2d at 1110 (citations omitted).

[18] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[19] ECF No. 5 at 4.

has not been received by the court. Without any factual allegations, the court cannot conclusively determine whether Ms. Luby has any plausible claims for relief.

For this reason, and pursuant to the standards for dismissal under Rule 12(b)(6), the court concludes that Ms. Luby's complaint fails to state claims upon which relief can be granted. At the same time, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[20] Accordingly, Ms. Luby is hereby provided with an opportunity to amend her complaint. Ms. Luby must file an amended complaint that complies with the requirements set forth in the above-referenced authorities on or before January 20, 2023. Failure to do so will result in the dismissal of this action.

## CONCLUSION AND ORDER

The court ORDERS as follows:

1. Ms. Luby is ordered to file an amended complaint by January 20, 2023. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Ms. Luby's failure to file an amended complaint will result in the dismissal of this action.

DATED this 21st day of December 2022.

---

[20] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge